UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                    Case Number 18-20270

v.                                                          Honorable David M. Lawson

ODELL GREGORY SIMMONS,

                Defendant.

_____/

## ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Odell Simmons pleaded guilty to possessing at least 28 grams of crack cocaine with the intend to distribute it. He was sentenced on August 8, 2018 to 70 months in prison, to be followed by four years of supervised release. Simmons was released on March 29, 2022 and started supervision the next day. He now moves the Court to terminate his period of supervision early, which otherwise would end on March 29, 2026. The government filed a response opposing the motion because it believes that Simmons has not stated a sufficient basis to terminate supervision before the full time has run. The Court agrees and will deny the motion.

After a defendant has served at least one year of a term of supervised release, the Court may order early termination "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making the determination, the Court must consider the factors generally prescribed for imposing a sentence initially under 18 U.S.C. § 3553(a). *Ibid.* Those factors include the nature and circumstances of the offense and history of the defendant, the need for the sentence to provide adequate deterrence, the need to protect the public from further crimes of the defendant, the need to provide the defendant with needed educational or vocational training or other services, the range of sentences

provided by the applicable sentencing guideline calculations, policy statements issued by the United States Sentencing Commission, the need to avoid sentencing disparities, and considerations of restitution. *Ibid.*

After evaluating those factors, "a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003).  Factors include a defendant's "changed circumstances" such as "*exceptionally* good behavior by the defendant" that "render a previously imposed term . . . too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1996) (emphasis added).

Simmons enumerates four bases for his request: that he is in compliance with all of his conditions of supervision, attended all required meetings with his probation officer, and remained free from further violations; he completed a trade course, obtained an OSHA certification, and plans to start his own landscaping business; he has a strong support system of family and friends and a stable living environment; and he regrets his past actions and is committed to a positive path in the future.  His probation officer reports that Simmons has continuously tested negative for illicit substances and has been compliant with all court-ordered conditions.  The probation office assesses Simmons as a low to moderate risk of reoffending.  But Simmons remains unemployed and is responsible for taking care of his children.

However, the government points out that Simmons has four prior felony convictions beginning in 2008 and has been unsuccessful under prior supervision.  Some of his probationary sentences have ended with violations consisting of more criminal conduct.  Simmons's was deemed a career offender in this case, and his resulting sentencing guideline range was 188 to 235

months. The government had agreed to a non-binding variance of 92 to 120 months. His 70-month sentence represented even a further variance.

Although Simmons appears to be doing well on supervision, "[m]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release. . . ." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (emphasis added). In short, compliance is expected, not exceptional behavior. Thus, "unblemished" post-conviction conduct is not "alone . . . sufficient to terminate the supervised release" because, if this were the case, "the exception would swallow the rule." *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998).

Moreover, Congress prescribed a substantial term of supervised release for the serious drug crime Simmons committed. As the Supreme Court explained in *Gall v. United States*, 552 U.S. 38, 48 (2007), supervised release is a form of punishment that involves restrictions on liberty. The defendant has not offered sufficient justification to reduce that punishment at this time.

Accordingly, it is **ORDERED** that the defendant's motion for early termination of supervised release (ECF No. 48) is **DENIED**.

                                                                         s/David M. Lawson  
                                                                         DAVID M. LAWSON  
                                                                         United States District Judge

Dated: July 25, 2024